IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JODIE MURRILL, ) <br> o/b/o Gary Murrill, deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 4:22-CV-00103-WJE |

## **ORDER**

Plaintiff Jodie Murrill, on behalf of her deceased husband, Mr. Gary Murrill, seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434. Administrative Law Judge Janice E. Barnes-Williams ("ALJ") found that although Mr. Murrill had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform light work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

### **I. Background**

Mr. Murrill protectively filed a claim for DIB on June 20, 2019. (AR 15). He alleged a disability onset date of June 26, 2018, due to a hip replacement, arthritis, spinal stenosis, and

---

[1] With the consent of the parties, this case was assigned to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

hepatitis C. (*Id.* 15, 220). His claim was initially denied on November 20, 2019. (*Id.* 15). He filed a written request for hearing, which was held on January 25, 2021. (*Id.*).

On April 28, 2021, the ALJ denied Mr. Murrill's claim. (*Id.* 12-25). The ALJ determined that although Mr. Murrill had severe impairments of status/post left hip replacement, mild lumbar facet arthropathy, alcohol abuse disorder, alcoholic hepatitis, decompensated liver, mild right hand degenerative joint disease, major depressive disorder, and generalized anxiety disorder, none of them met or exceeded a listed impairment. (*Id.* 18-19). The ALJ also determined Mr. Murrill had an RFC to perform light work with certain limitations, including:

> [He could have] lift[ed] 10 pounds frequently and 20 pounds occasionally, [stood] and/or walk[ed] for 4 hours in an 8-hour workday, and [sat] for 6 hours in an 8-hour workday. He could have occasionally climbed ramps and stairs; never have climbed ladders, ropes, or scaffolds; occasionally stooped; never kneeled; occasionally crouched; and never crawled. He could have frequently handled and fingered with the right upper extremity, and he needed to avoid power gripping with the right upper extremity. He needed to avoid excessive vibrations and avoid unprotected heights. He had the ability to concentrate, persist and remain on task and pace to perform simple, routine and repetitive tasks, which may have involved non-complex steps, tasks or instructions, i.e., simple, routine and repetitive steps, tasks or instructions.

(*Id.* 19, 24). During the hearing on January 25, 2021, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Murill's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 24, 63). The VE testified that such an individual could perform work as a shipping weigher, photocopy machine operator, or folding machine operator. (*Id.* 24, 63-64).

Following the ALJ's decision, Mr. Murrill filed an appeal with the Appeals Council. (*Id.* 183-88). The Appeals Council denied his request for review, leaving the ALJ's decision as the Acting Commissioner's final decision. (*Id.* 1-3). Because Mr. Murrill has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. § 423(d) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. § 404.1520; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted).

## III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls

outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Mr. Murrill raises three issues in his appeal before the Court. He argues: (1) the physical RFC is not supported by substantial evidence because the ALJ failed to consider all of his medically determinable impairments, the ALJ substituted her own judgment for that of a medical professional, and the ALJ did not properly consider Dr. Jesal Amin's report; (2) the mental RFC is not supported by substantial evidence because the ALJ substituted her own judgment for that of a medical professional and failed to incorporate his limitations in concentration, persistence, and pace; and (3) the ALJ failed to reconcile conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (*See* Doc. 10 at 8-23). The Acting Commissioner argues there is substantial evidence to support the RFC because the ALJ properly evaluated the record as a whole, and there is no conflict between the VE's testimony and the DOT. (*See* Doc. 13 at 4-18). The Court finds that substantial evidence supports the RFC decisions, and there is no conflict between the VE's testimony and the DOT. Accordingly, this Court affirms.

*A. The physical RFC decision is supported by substantial evidence.*

The RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). If the record as a whole, including the claimant's work history, daily activities, and objective medical evidence, is inconsistent with the

claimant's subjective complaints, the ALJ may discount them. *See Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 517-18 (8th Cir. 2019) (citation omitted); *see also Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall*, 274 F.3d at 1218 (citation omitted). Additionally, "'at least some' medical evidence must support the ALJ's RFC determination." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (quoting *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). The RFC, however, need not "be supported by a specific medical opinion." *Twyford*, 929 F.3d at 518 (quotations omitted). "[A]n ALJ [can] issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quotations omitted).

Here, the ALJ properly considered evidence of Mr. Murrill's lumbar spinal stenosis and liver disease. Medical records show his lumbar spinal stenosis had stabilized during the alleged disability period, which does not support a finding of disability. (AR 330, 332, 549); *see Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) (citation omitted) ("Impairments that are controllable or amenable to treatment do not support a finding of disability."). The ALJ further noted that his liver disease progressed in 2020, immediately before his death, but "his examinations and minimal treatment throughout the rest of the relevant period show him to have been capable of work as defined [in the RFC]." (AR 21). While the ALJ considered statements reporting that he vomited 3-4 times daily and lacked energy, she determined his "statements about the intensity, persistence, and limiting effects of his symptoms" were "inconsistent with the record." (*Id.* 20, 54). The ALJ, therefore, properly considered Mr. Murrill's medically determinable impairments. (*Id.* 18-22).

The ALJ properly considered Mr. Murrill's subjective reports concerning his ability to stand, sit, and walk, ultimately determining that his statements regarding the intensity, persistence,

and limiting effects of his symptoms were inconsistent with other medical evidence. (*Id.* 20). The ALJ noted that his 2018 medical records showed his gait, physical examinations, and range of motion were normal. (*Id.* 332, 519, 522, 523, 542). The ALJ also considered Mr. Murrill's daily activities, noting he attended job interviews, took out the trash, and walked the dog. (*Id.* 21-22). His wife reported he could sit and watch television during the day. (*Id.* 22). The ALJ ultimately concluded that Mr. Murrill could sit for 6 hours in an 8-hour workday and stand and/or walk for 4 hours in the workday. (*Id.* 19). Therefore, the ALJ properly discounted Mr. Murrill's subjective complaints because they were inconsistent with the medical evidence and Mr. Murrill's daily activities. *See Pearsall*, 274 F.3d at 1218; *Twyford*, 929 F.3d. at 518.

The ALJ's properly disregarded the findings of Dr. Amin, a consultative examiner, in formulating the RFC. (AR 15, 22); *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quotations omitted) ("[T]he opinions of non-treating practitioners . . . do not normally constitute substantial evidence on the record as a whole."). The ALJ did not consider Dr. Amin's findings because the examination was very brief. (AR 15). The ALJ, instead, properly based the RFC decision on other evidence in the record as a whole. *See Kamann*, 721 F.3d at 950. Further, she did not abuse her discretion by electing not to subpoena Dr. Amin because she did not rely on Dr. Amin's assessment, rendering cross-examination unnecessary. *See* 20 C.F.R. § 404.950(d)(1); *Passmore v. Astrue*, 533 F.3d 658, 661-62 (8th Cir. 2008). Substantial evidence therefore supports the ALJ's physical RFC determination.

*B. The mental RFC decision is supported by substantial evidence.*

The ALJ properly considered evidence in the record as a whole to formulate Mr. Murrill's mental RFC. The record shows Mr. Murrill's mental health symptoms began after a suicide attempt in April 2018, but he denied suicidal thoughts while getting treatment. (AR 546, 553). In May

2018, he was again admitted to the hospital for suicidal ideations, but was discharged after medical staff reported he was "stable and no longer a danger to self or others." (*Id.* 519-24). As the ALJ noted, "[a]fter the brief 2018 visits, there is no record of mental health treatment." (*Id.* 21). Additional medical records show Mr. Murrill's mental health improved after his treatment in 2018, and there were no reported mental health concerns in 2020. (*Id.* 346, 351, 365, 438, 442). Such evidence substantially supports the ALJ's mental RFC formulation because "[a] pattern of conservative treatment may erode the reliability of debilitating complaints." *Gray v. Kijakazi*, No. 4:20-CV-00575-MDH, 2021 WL 3891585, at *2 (W.D. Mo. Aug. 31, 2021) (citing *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015)).

The ALJ found Mr. Murrill had moderate limitations concentrating, persisting, and maintaining pace. (AR 19). To account for those limitations, the RFC limited Mr. Murrill to simple, routine, and repetitive tasks. (*Id.* 21). The RFC appropriately accounted for Mr. Murrill's moderate limitation because a limitation to "simple, routine, repetitive work" sufficiently accounts for moderate limitations in concentration, persistence, or pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (citation omitted). The ALJ's additional assessment that Mr. Murrill had no limitations when interacting with others, adapting, and managing himself is also consistent with the record as a whole. (AR 18-19). Mr. Murrill denied that his condition impacted his ability to get along with others, and he was "willing to try" changes to his routine. (*Id.* 267-69). Substantial evidence supports Mr. Murrill's mental RFC because the record as a whole supports the ALJ's finding that he had no limitations when interacting with others and moderate limitations concentrating, persisting, and maintaining pace. (*Id.* 18); *see Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090-91 (8th Cir. 2018) (quotations omitted) ("[A]n ALJ [must] not disregard

evidence or ignore potential limitations" but is not required "to mechanically list and reject every possible limitation").

*C. The VE's testimony did not conflict with the DOT.*

The ALJ properly questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, as she was required to do pursuant to SSR 00-4P. *See Jones v. Astrue*, 619 F.3d 963, 977-78 (8th Cir. 2010). The VE did not identify any inconsistencies, but explained that she relied on her own experience for issues the DOT did not address. (AR 67). The ALJ found the VE's testimony consistent with the DOT, other publications, and the VE's experience in the field. (*Id.* 24); *see Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (quotations omitted) ("SSR 00–4p specifically provides that . . . an ALJ may rely on [i]nformation about a particular job's requirements . . . available in other reliable publications, . . . or from a VE's . . . experience in job placement or career counseling."). The ALJ adopted the VE's testimony to find that Mr. Murrill could perform work as a photocopy machine operator, folding machine operator, or shipping weigher. (AR 24).

Further, there is no conflict between the jobs the VE identified and the limitation to simple, routine, and repetitive tasks. There is no conflict between a limitation of "simple, routine, and repetitive work activity" and "occupations involving instructions that, while potentially detailed, are not complicated or intricate." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (quotations omitted). Further, even if the ALJ erred in determining that Mr. Murrill could work as a shipping weigher, which requires Level 3 reasoning, any error was harmless because the remaining two positions required only Level 2 reasoning and existed in significant numbers nationwide. (AR 24, 63-64).

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Murrill was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 12th day of October 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge